STATE

v.

## Paul W. HITCHENER.

No. 96–119–C.A.

Supreme Court of Rhode Island.

Nov. 4, 1996.

Andrea Mendes, Special Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the Supreme Court on October 9, 1996, pursuant to an order that directed the defendant, Paul W. Hitchener, to show cause why his appeal should not be summarily denied. The defendant has appealed from an adjudication in the Superior Court that he violated the conditions of a previously imposed suspended sentence.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

On July 25, 1995, Cynthia Frates (the victim) gave a written statement to the Warwick police in which she alleged that on the evening of July 24, 1995, defendant repeatedly struck her in the face; pushed her head into a door; hit her with a coffee table; threw paint on a wall in her home; grabbed her two children, aged three and five years, and threw them into a coffee table; tried to kick her three-year-old in the face; and tore her phone from the wall, destroying her answering machine. On July 26, 1995, defendant was charged with violating his probation on the basis of three charges of assault and battery and one charge of malicious destruction of property.

A violation hearing was held on September 11 and 13, 1995. At the hearing, the victim asserted that she was unable to recall the events of the evening of July 24, 1995. To refresh her recollection, the victim was permitted to review her police statement.

The state moved to introduce the victim's police statement into evidence as a recorded recollection, pursuant to Rule 803(5) of the Rhode Island Rules of Evidence. The hearing justice overruled defendant's objection to the state's motion and admitted the statement into evidence.

At the conclusion of the hearing, the hearing justice found that defendant had violated the terms of his probation by engaging in "violent and assaultive conduct" toward the victim and her children. On November 8, 1995, the hearing justice executed defendant's suspended sentence and ordered that defendant serve the remaining four years at the Adult Correctional Institutions. On November 22, 1995, defendant filed a timely notice of appeal.

On appeal, defendant argued that the hearing justice erred in admitting the victim's

written police statement into evidence because the statement was not admissible as a recorded recollection. The state contended that the statement was admissible because it did not constitute hearsay. This Court concludes that the statement *was* hearsay but was nevertheless admissible under the recorded-recollection exception to the hearsay rule.

Rule 803(5) reads, in pertinent part, as follows:

> "*Recorded Recollection.* A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence and received as an exhibit."

Our review of the record has revealed that after refreshing her recollection, the victim was able to testify to some of the events in question. When asked about details, however, she repeatedly stated that she could not remember most of what had happened on the evening of July 24, 1995. This Court has noted that Rule 803(5) "requires only an inability 'to testify fully and accurately'; it does not demand a total lack of memory concerning the event." *State v. Mastracchio,* 546 A.2d 165, 172 (R.I.1988). Given the hostility of the victim and her reluctance to testify at the time of the hearing, and given that the victim acknowledged that her police statement was, to the best of her recollection, made truthfully and at a time when the events were fresh in her mind, we are of the opinion that the trial justice properly admitted the statement into evidence as a past recorded recollection under Rule 803(5).

Consequently, we deny and dismiss the appeal and affirm the adjudication of the Superior Court, to which the papers in this case are remanded.

MURRAY, J., not participating.